NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

IN RE: MH2024-008892

No. 1 CA-MH 24-0209

FILED 02-24-2026

Appeal from the Superior Court in Maricopa County
No. MH2024-008892
The Honorable Elisa C. Donnadieu, Judge *Pro Tempore*

**DISMISSED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Sean M. Moore
*Counsel for Appellee*

Office of the Legal Defender, Phoenix
By Robert Shipman, Lindsay Ficklin
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge D. Steven Williams joined.

**P E R K I N S**, Judge:

¶1         Bowery B. ("Patient") challenges the superior court's order finding him persistently or acutely disabled and directing him to undergo involuntary mental health treatment. For the following reasons, we dismiss his appeal as moot.

## FACTS AND PROCEDURAL BACKGROUND

¶2         In September 2024, a psychiatric nurse practitioner filed an application for an involuntary mental health evaluation ("Application") of Patient. The superior court ordered Patient detained and evaluated. Two doctors evaluated Patient, diagnosed him with a mental health disorder, and recommended involuntary psychiatric treatment. One of the doctors petitioned for court-ordered treatment, attaching an affidavit and a psychiatric evaluation report from himself and the other doctor who evaluated Patient. The court ordered that Patient be detained, appointed counsel to represent him, and set a hearing on the petition for court-ordered treatment.

¶3         At the hearing, Patient stipulated to the admission of the doctors' affidavits and evaluation reports. The State called two acquaintance witnesses. One of them was a licensed counselor who had evaluated Patient one time before the Application was filed.

¶4         On October 8, 2024, the court granted the petition and ordered Patient to undergo involuntary mental health treatment "for a period time not to exceed a total of 365 days." Patient timely appealed and we have jurisdiction. A.R.S. §§ 12-2101(A)(1), 36-546.01.

## DISCUSSION

¶5         To prevail on a petition for court-ordered treatment, the petitioner must provide: (1) testimony from "two or more witnesses[] acquainted with the patient at the time of the alleged mental disorder" ("acquaintance witnesses"), and (2) testimony or affidavits from the two physicians or other healthcare professionals who evaluated the patient. A.R.S. § 36-539(B) (2024).

¶6         The only issue Patient raises on appeal is whether the licensed counselor qualified as an acquaintance witness. Patient argues that the counselor did not qualify because she only met Patient in the context of a medical evaluation and thus "[her] testimony could not offer a separate and distinct perspective than the evaluating doctors' affidavits." The State

counters that the counselor could testify as an acquaintance witness because she evaluated Patient outside of the statutory evaluation process — before that process had begun.

**¶7**        We stayed this appeal pending a decision in *In re MH2023-004502* because that appeal addressed the same issue: whether a health professional can testify as an acquaintance witnesses based on her evaluation of the patient before the Application was filed. *See In re MH2023-004502*, CV-24-0275-PR, 2026 WL 377485, at *1, ¶¶ 4–5 (Feb. 10, 2026).

**¶8**        On March 31, 2025, while both appeals were pending, the Legislature amended Arizona Revised Statutes Section 36-539(B), which now provides:

> The evidence presented by the petitioner or the patient shall include the testimony of two or more witnesses, **regardless of the witnesses' professional licensure, if any, who observed or were** acquainted with the patient at the time of the alleged mental disorder **before the submission of the current application for evaluation pursuant to [Section] 36-520 or, if after the submission of the current application, who were not formal participants in the evaluation process.**

2025 Ariz. Sess. Laws ch. 20 § 1 (1st Reg. Sess.) (emphasis added).

**¶9**        In *MH2023-004502*, our supreme court noted that the additional language in Section 36-539(B) "clarif[ied] that licensed behavioral health professionals may testify as acquaintance witnesses" based on their observations of the patient before the Application was filed. *See MH2023-004502*, CV-24-0275-PR, at *1, ¶ 5. The court declined to decide whether the health professional in that case qualified as an acquaintance witness because that issue was rendered moot by the amendment to Section 36-539(B) and the expiration of the court's treatment order. *Id.*

**¶10**        This appeal raises the same issue as in *MH2023-004502*. And the superior court's treatment order here has also expired. Therefore, we need not decide whether the counselor here qualified as an acquaintance witness because that issue is moot for the same reasons as in *MH2023-004502*.

**CONCLUSION**

¶11     We dismiss Patient's appeal as moot.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:            JR